UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-23941-LFL

ELIAHU ABUKASIS,

    Plaintiff,

v.

ELI RAN, *et. al*.,

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. I have separately entered an Order directing the Clerk to reassign this case to a District Judge of this Court. Because I find that dismissal of this case is warranted and I do not presently have authority to issue this dispositive order, I am issuing a Report and Recommendations. The Court has reviewed Plaintiff's Second Amended Complaint (ECF No. 93) and the record as a whole. For the following reasons, I respectfully recommend that Plaintiff's Second Amended Complaint be **DISMISSED** for lack of subject matter jurisdiction or, in the alternative, for failure to comply with Federal Rule of Civil Procedure Rule 8.

**I.    BACKGROUND**

Plaintiff initiated this suit on September 2, 2025 with a "Federal Complaint For Enforcement of Final Judgment, Garnishment, Fraudulent Transfer, and RICO Referral." (ECF No. 1). On its face, the original complaint states that it "seeks enforcement of a July 14, 2025 Final Judgment" purportedly entered in Miami-Dade Circuit Court. Among the sparse facts listed under

the heading "Facts (Allegations)," Plaintiff vaguely describes a number of judgments and defaults, as well as the enforcement of an eviction action. The original complaint was signed by Eliahu Abukasis, *pro se*, "Enforcement Creditor/Delaware Enterprise LLC".

Plaintiff soon thereafter filed an "Amended Federal Complaint For Enforcement of Final Judgment, Garnishment, Fraudulent Transfer, and RICO Referral." (ECF No. 5). The Amended Complaint appears to be identical to the original complaint, except that it attaches 80 pages of exhibits not attached to the original.

The next day, Plaintiff filed his "First Amended Federal Complaint For Enforcement of Final Judgment, Garnishment, Fraudulent Transfer, and RICO Referral." (ECF No. 9). This iteration states that "[t]his Amended Complaint supersedes prior versions." (*Id.* at 1). The First Amended Complaint again "seeks federal enforcement of a July 14, 2025 Final Judgment" entered in Miami Dade Circuit Court. (*Id.*). The First Amended Complaint includes a heading for "Procedural Background & State Court Obstruction," which concludes with Plaintiff's allegation that he has "exhaust[ed] state remedies and proceeds federally." (*Id.* at 2). The First Amended Complaint has a signature block but it is not signed. A number of exhibits are attached to the First Amended Complaint, including an Order from Circuit Court Judge Antonio Arzola,[1] filed in a case in which Plaintiff herein is a defendant. Most of the other exhibits are illegible copies.

Defendants Jennifer Block, Eli Ran, BSD Hallandale, LLC, MTM Finance LTD, Gavriel Naim, and Renee Naim filed a joint Motion to Dismiss, arguing that the First Amended Complaint should be dismissed for lack of subject matter jurisdiction and because it failed to state a claim on which relief can be granted, (ECF No. 75), to which Plaintiff responded, (ECF No. 78). Several other Defendants also filed Motions to Dismiss, arguing in various respects that Plaintiff's First

---

[1] Judge Arzola is now named in the Second Amended Complaint.

Amended Complaint failed to comply with the minimum pleading requirements of Federal Rules of Civil Procedure 8 and 11.

The Court considered the Block Defendants' Motion to Dismiss for lack of subject matter jurisdiction—which made a facial attack on Plaintiff's jurisdictional allegations—and found that Plaintiff had failed to establish subject matter jurisdiction over this action. Defendants' Motion, (ECF No. 75), was granted and Plaintiff's First Amended Complaint was dismissed, without prejudice. (ECF No. 92). The Order was entered before all Defendants in this action had appeared—including two Defendants newly added in Plaintiff's Second Amended Complaint—but did not extinguish Plaintiff's claims on the merits. Rather, the Court ordered amendment of Plaintiff's claims and provided guidance on Plaintiff's burden to plead facts sufficient to invoke the Court's subject matter jurisdiction and his obligations under Federal Rules of Civil Procedure 8 and 11.

**II.    DISCUSSION**

Plaintiff has now filed a Second Amended Complaint "Pursuant to Court Order Dated October 5, 2025." (ECF No. 93). Plaintiff alleges that the Court has jurisdiction "under 28 U.S.C. §§ 1331, 1343, and 1367 because this action arises under federal law, including 18 U.S.C. § 1962 (RlCO) and 42 U.S.C. § 1983 (Civil Rights)." (*Id*. at 1). Plaintiff's Second Amended Complaint lists the following "Counts": Civil Rico; Violation of Civil Rights, Fraud and Misrepresentation; and Tortious Interference/Abuse of Process. In this iteration, Plaintiff has pared down his previously sparse factual allegations to just two sentences: "Plaintiff alleges that Defendants engaged in a pattern of racketeering activity, fraud, and abuse of process connected to real property interests and related judicial actions in South Florida. Plaintiff attaches exhibits and prior court orders as part of this pleading." (ECF No. 93 at 2). There are no exhibits attached to Plaintiff's Second Amended Complaint.

3

### A.     Failure to Allege Facts Sufficient to Establish Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the court lacks jurisdiction over the subject matter of the action. *See Stanley v. Cent. Intel. Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981). It is a plaintiff's burden to show that a court has subject matter jurisdiction over his claims. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Regardless of whether a plaintiff is represented by a veteran attorney or, as in this civil case, proceeds *pro se*, a court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." *Id.* at 1366. "[A] complaint must contain sufficient non-conclusory allegations to create a plausible inference that subject matter jurisdiction exists." *City of Pembroke Pines, Fla. v. Fed. Emergency Mgmt. Agency*, 494 F. Supp. 3d 1272, 1282 (S.D. Fla. 2020) (citation omitted).

In the Court's prior Order, Plaintiff was warned that a federal question claim may be dismissed for lack of subject matter jurisdiction where it is "wholly insubstantial and frivolous." (ECF No. 92 at 9) (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)). Further, Plaintiff was advised that the practice of listing federal statutes without providing an explanation for how they connect to his claims for relief "is conclusory and insufficient to establish subject matter jurisdiction." (ECF No. 92 at 10) (quoting *Brown v. Brown-Spencer*, No. 822CV02918, 2023 WL 2931757, at *3 (M.D. Fla. Jan. 25, 2023), *report and recommendation adopted*, 2023 WL 2931696 (M.D. Fla. Feb. 13, 2023)). Still, the Second Amended Complaint continues to perfunctorily state that the Court has jurisdiction without pleading any facts that would give rise to any federal claims.

Furthermore, as noted in the last Order, Plaintiff's claims appear to be premised on his frustration with state court litigation. Plaintiff's Second Amended Complaint recites, without

4

elaboration, that the Defendants engaged in a pattern of racketeering activity and "abuse of process connected to real property interests and related judicial actions in South Florida." Plaintiff attempts to rely on "exhibits and prior court orders" as part of the Second Amended Complaint and, while none are attached to the operative complaint, to the extent Plaintiff would rely on prior filings he has made, those would encompass the previously described state court orders. Finally, the relief he seeks includes "declaratory relief confirming ownership interests in identified properties." (ECF No. 93 at 1–2). Though he lists as "Counts" citations for Civil RICO and civil rights law, nothing in his Second Amended Complaint approaches facts sufficient to state these federal claims.

In sum, Plaintiff, on his third attempt, has failed to create a plausible inference of subject matter jurisdiction. Without any discernable basis to find that subject matter jurisdiction lies in this Court, the undersigned recommends that his Second Amended Complaint be dismissed.

### B.     Failure to Comply with Federal Rule of Civil Procedure 8

As Plaintiff was advised in the Court's prior Order (ECF No. 92), any complaint must comply with Federal Rule of Civil Procedure 8. And, although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition to the Court's admonition, Defendants raised a number of concerns about the sufficiency of Plaintiff's complaints that Plaintiff has ignored. For example, the Block Defendants' Motion to Dismiss argued that the First Amended Complaint offered "neither elements nor

5

supporting facts," as required by *Twombly* (ECF No. 75 at 6). Defendant Aventura Police Department similarly moved to dismiss the First Amended Complaint, challenging Plaintiff's compliance with Rule 8 and arguing that Plaintiff lumped together his various claims against several defendants, without explaining how each defendant allegedly harmed him. (ECF No. 65 at 3). Defendant Allan Stein moved to dismiss on the basis that the litigation privilege barred Plaintiff's claim against him for actions taken while representing his client in a state court matter. (ECF No. 44). Defendant Dillon Graham moved to dismiss Plaintiff's Complaint on the basis that he failed to sign it, in violation of Rule 11(a) and that Plaintiff as an individual could not assert a cause of action on behalf of a corporation in federal court. (ECF No. 89 at 2).

Plaintiff filed responses in opposition to these Motions but failed to address the issues raised by the respective motions. (ECF Nos. 60, 70, 78, 98). In the Second Amended Complaint, even with the benefit of the Court's guidance and a number of motions raising well-placed concerns about the sufficiency of his prior pleadings, Plaintiff alleges a single paragraph of "general allegations," which as noted above, lacks any factual allegations *at all*.

Plaintiff's Second Amended Complaint fails to meet the pleading standards proscribed by Federal Rule of Civil Procedure 8, and it is due to be dismissed.

### III.   CONCLUSION

For the reasons set forth herein, I **RECOMMEND** that Plaintiff's Second Amended Complaint be **DISMISSED** with prejudice.[2]

---

[2] *See McTizic v. Bayerische Motoren Werke Aktiengesellschaft*, 834 F. App'x 564, 566 (11th Cir. 2021) (per curiam) (affirming dismissal of complaint with prejudice for lack of subject matter jurisdiction where pro se plaintiff was given two opportunities to amend complaint to cure pleading defects, including failure to allege subject matter jurisdiction, and plaintiff had not shown how additional amendment would cure the pleading defects identified).

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[3] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in this Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 7th day of October, 2025.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* Rule 4(b) of the Magistrate Judge Rules of the Local Rules of the United States District Court for the Southern District of Florida.