UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-23941-GAYLES/LOUIS

ELIAHU ABUKASIS,

    Plaintiff,

v.

ELI RAN, et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Lauren Fleischer Louis's Report and Recommendation (the "Report"). [ECF No. 104].[1] In her Report, Judge Louis recommends that Plaintiff's Second Amended Complaint, [ECF No. 93], be dismissed with prejudice for lack of subject matter jurisdiction or, in the alternative, for failure to comply with Federal Rule of Civil Procedure 8. On October 8, 2025, Plaintiff filed objections to the Report. [ECF No. 110].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific

---

[1] This matter was initially assigned to Magistrate Judge Louis pursuant to Administrative Order 2025-11. On October 7, 2025, Judge Louis entered an Order directing the Clerk of Court to reassign this case to a district judge. [ECF No. 103]. As a result, Judge Louis issued the Report rather than a dispositive order.

objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In her Report, Judge Louis found that "Plaintiff, on his third attempt, has failed to create a plausible inference of subject matter jurisdiction." [ECF No. 104].[2] Alternatively, she found that Plaintiff failed to meet the pleading standards proscribed by Rule 8. *Id.* The Court has reviewed the Report and Plaintiff's objections and has conducted a *de novo* review of the record. Based on this review, the Court agrees with Judge Louis's well-reasoned finding that the Second Amended Complaint fails to adequately allege this Court's subject matter jurisdiction and should be dismissed with prejudice.

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)  Judge Louis's Report and Recommendation, [ECF No. 104], is **ADOPTED in full**;

(2)  Plaintiff's Second Amended Complaint, [ECF No. 93], is **DISMISSED** with prejudice.

(3)  This case is **CLOSED**, and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of October, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] On October 5, 2025, Judge Louis entered an Order granting in part the served Defendants' motions to dismiss and dismissing Plaintiff's Amended Complaint for lack of subject matter jurisdiction. [ECF No. 92]. Plaintiff then filed the Second Amended Complaint. Plaintiff did not comply with Judge Louis's Order requiring him to certify that the new complaint "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; its claims and legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and its factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id*. (internal quotation omitted).